IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CYNTHIA Y. NETHKEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-741-D |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 16] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B), in this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). Judge Purcell recommends affirmance of the Commissioner's decision to deny Plaintiff's applications for disability insurance and supplemental security income benefits. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of the issues specifically raised by Plaintiff's objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff makes no objection to Judge Purcell's summary of the procedural history of the case, the findings and conclusions of the administrative law judge (ALJ), or the arguments presented in the parties' briefs. Thus, the Court adopts these portions of Judge Purcell's Report without further review as though fully set forth herein.[1]

---

[1] The court of appeals has adopted a firm waiver rule, which requires that "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Plaintiff's failure to raise a particular factual or legal issue in his objection waives further review with respect to that issue. *See id.*; *see also Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Briefly stated, the ALJ found that Plaintiff had severe impairments of status post-surgical repair of her left rotator cuff, depression, anxiety, and obesity. The ALJ determined at step three of the sequential analysis that Plaintiff's impairments were not *per se* disabling under the Listing of Impairments at 20 C.F.R. pt. 404, subpt. P., app. 1. He determined at step four that Plaintiff had the residual functional capacity (RFC) for light work, limited to occasionally reaching overhead, having minimal contact with the general public, and performing simple unskilled work, and that Plaintiff could not perform her past relevant work. At step five, the ALJ determined there are jobs in the national economy that Plaintiff could perform, considering her RFC and vocational characteristics.

Plaintiff claims on appeal that the ALJ erred by: 1) failing to consider fully her treating physicians' opinions and disregarding years of documented mental health treatment; 2) failing to properly evaluate her mental impairments at step three and to find Listing 12.04 is met; and 3) disregarding the vocational expert's opinions at step five concerning the effect of Plaintiff's mental impairments on her ability to work in competitive employment.

After careful analysis of the evidence of record and controlling law, Judge Purcell rejects Plaintiff's contentions of error. Judge Purcell finds that Plaintiff has failed to identify any particular treating physician's opinion allegedly overlooked, and with regard to mental health treatment, Judge Purcell concludes that the ALJ fully considered the record of treatment during the relevant time frame, noted a prior episode of treatment in 2001, and gave sufficient reasons for discounting an RFC assessment completed in 2010 by a case manager at a mental health clinic where Plaintiff had sought treatment. Judge Purcell further concludes the ALJ's RFC assessment is supported by substantial evidence of record. As to Plaintiff's allegations of error at steps three and five of the sequential analysis, Judge Purcell concludes the ALJ's step-three finding with regard to

Listing 12.04 is supported substantial evidence, and that the ALJ's step-five determination is supported by the vocational expert's testimony.

Plaintiff's objection addresses only Judge Purcell's discussion of the first point of error and the ALJ's RFC assessment. Plaintiff clarifies her claim that the ALJ disregarded treating physicians' opinions by stating this allegation of error was directed at medical records regarding mental health treatment. Plaintiff disputes Judge Purcell's statements that "there is no evidence of ongoing mental health treatment of Plaintiff prior to April 2007" and "there are no notes of ongoing mental health treatment of Plaintiff . . . after June 2008." *See* Report [Doc. No. 16] at 7-8. Plaintiff argues that medical records show she received mental health treatment starting April 21, 2001, and continuing in 2009 through 2010, and that "these medical records were erroneously not discussed or reviewed by the ALJ." *See* Objection [Doc. No. 17] at 3. Plaintiff also disputes Judge Purcell's finding that the ALJ properly explained his decision not to accept the 2010 assessment of Plaintiff's mental RFC. Plaintiff asserts that Judge Purcell concedes the ALJ failed to consider the combined impact of Plaintiff's mental and physical impairments and this failure "is in itself reversible error." *See id.* at 4. Due to the limited focus of Plaintiff's Objection, the Court finds all other appellate issues are waived. *See supra* note 1.

Upon *de novo* consideration of Plaintiff's arguments, the Court fully agrees with Judge Purcell's assessment of the record regarding Plaintiff's receipt of mental health services. The Court's independent review reveals that Plaintiff overstates the administrative record with regard to her treatment. Rather than "ongoing mental health treatment," Plaintiff's treatment records reflect that she sought help for depression in April, 2001, and attended approximately three group therapy sessions between May and August, 2001. *See* Administrative Record (hereafter "AR") 474-82, 490-92. Judge Purcell correctly states "this brief record of treatment did not provide significantly probative evidence that the ALJ was required to consider." *See* Report [Doc. No. 16] at 7. Plaintiff

3

concedes that the ALJ considered the medical records regarding mental health treatment she received between April, 2007, and June, 2008. She incorrectly argues that the ALJ disregarded an additional visit on May 21, 2009; a record of this visit was expressly discussed by the ALJ. *See* AR 19. The record consists solely of an intake assessment, apparently based on Plaintiff's self-report, and a request for counseling services which Plaintiff planned to receive through her church; she also requested a copy of the intake assessment and prior records from the clinic "sent to her social security attorney since she is applying for disability." *See* AR 551. The record reflects no further treatment but simply the case manager's mental RFC assessment in 2010, the basis of which is unclear. *See* AR 755-65. This RFC assessment was thoroughly discussed, and quoted at length, by the ALJ in his written decision. *See* AR 19-20. His decision to give this assessment "little weight," to the extent it was "not consistent with the claimant's daily activities and/or current work activity," was plainly stated. *See* AR 20. The RFC found by the ALJ, which includes minimal contact with the general public and performing only simple unskilled work, takes into account functional limitations that are supported by the record. The Court finds no reversible error in the ALJ's decision as argued by Plaintiff.

      IT IS THEREFORE ORDERED that Judge Purcell's Report and Recommendation [Doc. No. 16] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment will be entered accordingly.

      IT IS SO ORDERED this 4th day of January, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE